**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
KIRKPATRICK DUNBAR,

                              Plaintiff,

                              Case No.: 1:22-cv-09968-AT

                v.

787 COFFEE ROASTERS LLC             **DEFENDANT 787 COFFEE**
AND 317 EAST 14TH STREET             **ROASTERS LLC'S ANSWER**
CORP.,                                                         **WITH AFFIRMATIVE DEFENSES**

                              Defendants.
-------------------------------------------------------------------X

        Defendant 787 COFFEE ROASTERS LLC ("Defendant"), by its undersigned attorney, hereby provides its answer and affirmative defenses to the Complaint of Plaintiff KIRKPATRICK DUNBAR ("Complaint") and states as follows:

**AS TO "JURISDICTION AND PARTIES"**

        1.     Defendant states that the allegations set forth in Paragraph 1 of the Complaint state legal conclusions that do not require a response.

        2.     Defendant states that the allegations set forth in Paragraph 2 of the Complaint state legal conclusions that do not require a response.

        3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 3 of the Complaint.

        4.     Defendant states that the allegations set forth in Paragraph 4 of the Complaint state legal conclusions that do not require a response.

        5.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint. To the extent an answer is deemed necessary,

Defendant denies the allegations in Paragraph 5 of the Complaint, except Defendant admits that the answering Defendant 787 COFFEE ROASTERS LLC is conducting business within the State of New York.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 6 of the Complaint, except Defendant admits that the answering Defendant 787 COFFEE ROASTERS LLC is the lessee of the property located at 319 East 14th Street, New York, NY 10003.

7. Defendant states that the allegations set forth in Paragraph 7 of the Complaint state legal conclusions that do not require a response.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant states that the allegations set forth in Paragraph 9 of the Complaint state legal conclusions that do not require a response.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 14 of the Complaint.

**AS TO "COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT"**

15. Defendant states that the allegations set forth in Paragraph 15 of the Complaint state legal conclusions that do not require a response.

16. Defendant states that the allegations set forth in Paragraph 16 of the Complaint state legal conclusions that do not require a response.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant states that Paragraph 21 of the Complaint contains conclusions of law that require no response. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant states that Paragraph 22 and its subparagraphs of the Complaint contain conclusions of law that require no response. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 22 and its subparagraphs of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant states that Paragraph 24 and its subparagraphs of the Complaint contain conclusions of law that require no response. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 24 and its subparagraphs of the Complaint.

25. Defendant states that the allegations set forth in Paragraph 25 of the Complaint state legal conclusions that do not require a response.

26. Defendant states that the allegations set forth in Paragraph 26 of the Complaint state legal conclusions that do not require a response.

**AS TO "COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW"**

27. Defendant repeats and realleges all paragraphs contained above in paragraph "1" through "26" inclusive of this Answer with the same force and effect as if fully set forth herein.

28. Defendant states that Paragraph 28 of the Complaint contains conclusions of law that require no response.

29. Defendant states that Paragraph 29 of the Complaint contains conclusions of law that require no response. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

## AS TO "COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW"

31. Defendant repeats and realleges all paragraphs contained above in paragraph "1" through "30" inclusive of this Answer with the same force and effect as if fully set forth herein.

32. Defendant states that Paragraph 32 of the Complaint contains conclusions of law that require no response.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint. To the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

36. Defendant states that Paragraph 36 of the Complaint contains a conclusion of law that requires no response. Further answering, Defendant denies that Plaintiff is entitled to any of the relief requested.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38. Defendant states that Paragraph 38 of the Complaint contains a conclusion of law that requires no response. Further answering, Defendant denies that Plaintiff is entitled to any of the relief requested.

Defendant denies the allegations in this "WHEREFORE" Paragraph of the Complaint, including, without limitation, all subparts thereof, except Defendant admits only to the extent that Plaintiff purports to seek a judgment against Defendant for the relief referenced in the "WHEREFORE" Paragraph(s) of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendant reserves the right to amend its answer and asserts any additional defenses as they may become available or apparent during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek injunctive relief.

## THIRD AFFIRMATIVE DEFENSE

Federal law does not require Defendant to alter or modify the property.

## FOURTH AFFIRMATIVE DEFENSE

New York State law does not require Defendant to alter or modify the property.

## FIFTH AFFIRMATIVE DEFENSE

New York City law does not require Defendant to alter or modify the property.

## SIXTH AFFIRMATIVE DEFENSE

Defendant has not engaged in any intentional discrimination to prevent or inhibit access to the property or to any of the facilities therein.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has not denied Plaintiff physical access to the property or to any of the facilities therein.

**EIGHT AFFIRMATIVE DEFENSE**

To the extent that Defendant has not made alterations to its Premise(s) that Plaintiff alleges should have been made, such changes were not and are not required under federal, New York State or New York City law, and any requirement to make those changes would impose an undue burden upon Defendant and would not be readily achievable or feasible.

**NINTH AFFIRMATIVE DEFENSE**

Modifications of Defendant's policies, practices and procedures, or the provision of auxiliary aids or services, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations and there is no duty to modify.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the Complaint and has failed to mitigate any such alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to pursue the claims asserted, and, to the extent he has standing to bring the Complaint, he lacks standing to challenge any alleged barriers to access not specifically encountered by him.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has adequate legal remedies and therefore he is not entitled to injunctive relief or equitable relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive or equitable relief because he has not suffered, and will not suffer, any irreparable harm or injury.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was engaged in contributory willful conduct at the time and place alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to ensure compliance with all federal, state and city laws, regulations and/or ordinances, and Plaintiff unreasonably failed and/or refused to take advantage of the accommodations provided, or otherwise to avoid harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and/or that its conduct conformed to all applicable statutes, regulations and industry standards existing at the time of such conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The premises complained by Plaintiff is an existing facility as defined in 28 C.F.R. § 35.151(a)(1), and therefore is exempted from ADAAG.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is currently performing renovations/repairs to cure any alleged violations of the State, local, and federal laws.

### NINTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's ADA claims because Plaintiff is not a qualified individual within the meaning of ADA.

### TWENTIETH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's causes of action under any of the state and local laws.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is moot because the alleged barriers no longer exist or have been remedied.

### RESERVATION OF RIGHTS

Defendant reserves the right to raise additional affirmative and other defenses that they may subsequently become or appear applicable to Plaintiff's claims.

WHEREFORE, Defendant respectfully requests a judgment dismissing the Complaint with prejudice and awarding reasonable attorneys' fees, costs and expenses, and such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Defendant requests a jury trial on all issues so triable in this action.

Dated: Flushing, New York
February 14, 2023

Respectfully Submitted,

SEO LAW GROUP, PLLC

 /s/ *Diana Seo*
Diana Seo, Esq.
136-68 Roosevelt Avenue, Suite 726
Flushing, New York 11354
Tel: (718) 500-3340
Email:diana@seolawgroup.com
*Attorneys for Defendant*
*787 Coffee Roasters LLC*

To:
Bradly G. Marks, Esq.
THE MARKS LAW FIRM, PC
155 E 55th Street, Suite 4h
New York, New York 10022
T:(646) 770-3775
Email: brad@markslawpc.com
*Attorneys for Plaintiff*