**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
KIRKPATRICK DUNBAR,

                           Plaintiff,                    **ORDER**

                -against-                         **22-cv-9968 (AT) (JW)**

787 COFEE ROASTERS LLC AND 317
EAST 14th STREET CORP.,

                          Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      In April, the Plaintiff sought a discovery conference because the Defendants had not responded to various discovery requests. Dkt. No. 20. The Court scheduled the conference, but the day before the conference was to be held, the Defendant's attorney filed a motion to withdraw. Dkt. No. 26. The Court then scheduled a videoconference to discuss the motion to withdraw. Dkt. No. 27. At that conference, the Defendant's attorney informed the Court that she no longer wished to withdraw.

      The Court then held a discovery conference on July 14, 2023. The Parties discussed Defendant 787 Coffee Roaster LLC's claim that the business permanently closed and the Plaintiff's objections to Defendant's letter motion, Dkt. No. 35, filed on July 12th. The Parties also agreed to temporarily bifurcate discovery to permit the Defendant to provide documents demonstrating that the business had closed. The Court established a deadline for the Defendant to share those documents. Dkt. No. 37.

Plaintiff, dissatisfied with what was provided, requested another conference to resolve outstanding discovery issues. Dkt. No. 48. Defendant 787 Coffee Roasters LLC filed a supplemental status letter identifying items produced to the Plaintiff, but Defendant did not oppose the request for a conference. Dkt. No. 49.

Defendant previously filed a letter motion seeking leave to file a motion to dismiss the case as moot. Dkt. No. 35. That letter was withdrawn without prejudice. Dkt. No. 39. To date, the Defendant has not yet filed any motion to dismiss or any renewed letter motion seeking leave to file such a motion.

By **September 22nd, the Defendant shall file a letter responding to the issues raised by the Plaintiff in its July 31st letter**.

In that letter, the Defendant must offer specific facts responding to the Plaintiff's concerns that the business intends to reopen.

**Moreover, by September 22nd**, should the Defendant still wish to eventually move to dismiss the case on mootness, the Defendant must submit a letter motion formally seeking leave to file a Motion to Dismiss. In that letter, the Defendant must detail the relevant legal standard and indicate which Party has the burden of proof in resolving a question of mootness under the ADA.

Then, **by September 29th, the Plaintiff shall respond to the letter submitted by the Defendant**.

The letters shall be limited to five pages, single-spaced. The Parties may submit additional exhibits that exceed the page limit.

SO ORDERED.

DATED:   New York, New York
September 15, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge